IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:18-cr-0780-DCN |
| vs. ) | |
| ) | **ORDER** |
| QUENTIN JOHN FISHBURNE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The following matter is before the court on defendant Quentin John Fishburne's ("Fishburne") motion for a new trial, ECF No. 162. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

The government jointly indicted Fishburne and Renata Shontel Ellison ("Ellison") for several offenses related to the alleged straw purchase of firearms and transfer of those firearms from Ellison, the purchaser, to Fishburne, who has previously been convicted of a felony, and others. Prior to trial, the government moved to continue Ellison's case, ECF No. 148, and eventually deferred her prosecution, ECF No. 168. On March 2, 2020, Fishburne's jury trial commenced, and on March 3, 2020, a jury convicted Fishburne on all three counts that the government pursued. Specifically, Fishburne was convicted of two counts of knowingly possessing firearms after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Counts 1 and 5); and conspiracy to transport firearms to persons who have previously been convicted of felonies in violation of 18 U.S.C. § 922(d)(1) (Count 2). On March 16, 2020, Fishburne filed a motion for a new trial. ECF No. 162. On September 2, 2020, the government responded. ECF No. 170.

1

## II.  STANDARD

Fed. R. Civ. P. 59(a) authorizes a district court to grant a new trial "on all or some of the issues . . . to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court."  A court may set aside a verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict."  Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996).  A party's request for a new trial "should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'"  Perrin v. O'Leary, 36 F. Supp. 2d 265, 266 (D.S.C. 1998) (quoting Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 497 (D.C. Cir. 1995)).  In considering a motion for a new trial, the court must view the evidence in the light most favorable to the prevailing party.  Perrin, 36 F. Supp. 2d at 266.  "[A] Rule 59(a) motion for new trial is a matter "resting in the sound discretion of the trial judge."  Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir. 1999).

## III.  DISCUSSION

Fishburne contends that a new trial is warranted for four reasons.  First, he argues that the court erred in declining to suppress evidence of a firearm that police discovered during a checkpoint traffic stop.  Specifically, Fishburne argues that the court was required to suppress evidence of the firearm because the traffic stop from which it was obtained "was unconstitutional for it failed to follow its own policies and [ ] it was

unreasonable." ECF No. 162 at 1. The court already addressed Fishburne's arguments in its order denying the motion to suppress evidence of the firearm. ECF No. 147. Specifically, the court found "that the checkpoint had a legitimate primary purpose and was no more intrusive than necessary to serve that purpose," and thus that the checkpoint "passes constitutional muster, making the initial checkpoint seizure of Fishburne constitutional." ECF No. 147 at 12–13. In his motion for a new trial, Fishburne presents no new arguments or evidence to sway the court from its original conclusion.[1] As such, the court rejects the first ground of Fishburne's motion.

Second, Fishburne argues that the court erred in failing to acquit him with respect to Count 1. Specifically, Fishburne notes that the trial court admitted a letter in which Ellison stated that she "possessed the firearm in question and placed it under the driver's seat without [ ] Fishburne's knowledge." ECF No. 162 at 4. According to Fishburne, "[t]hat evidence alone dictated the innocence of [ ] Fishburne[,] entitling him to a verdict of acquittal" as to Count 1 because it tends to show that Fishburne did not knowingly possess the firearm. Id. The court disagrees. As the government notes in its response, the jury also heard testimony from an investigative agent, who explained that he discovered a pattern of Ellison purchasing firearms and those firearms ending up at crime scenes connected to men with whom she was romantically involved. The investigative

---

[1] Fishburne did alert the court to a recently decided Fourth Circuit case, United States v. Moore, 952 F.3d 186, 188 (4th Cir. 2020). However, Fishburne's citation to Moore does not advance his argument because the Fourth Circuit in that case merely reinforces the very framework that the court applied in its denial of Fishburne's motion to suppress. Moreover, the Fourth Circuit found that the roadblock in that case was constitutionally sound because it "was established to check licenses, automobile registrations, and compliance with motor vehicle laws in order to ensure the safe and legal operation of motor vehicles on the roadways." Id. at 191. So, too, was the roadblock in this case.

3

agent testified that when he confronted Ellison with evidence of that pattern, Ellison asked if she could recant her statements in the letter, casting serious doubt on the veracity of those statements.  As such, the government contends that the letter, on which Fishburne now relies as exonerating evidence, actually supports its charge that Fishburne and Ellison participated in a scheme whereby Ellison made false statements for the purpose of purchasing firearms for Fishburne.  At a minimum, it is clear that the statements contained in Ellison's letter are far from uncontroverted.  Moreover, Fishburne ignores other circumstantial evidence that he possessed the firearm in question, such as evidence "showing that the firearm in question was used in a shooting for which [ ] Fishburne pleaded guilty to aiding and abetting attempted murder in aid of racketeering."  ECF No. 170 at 3.  Therefore, with respect to Count 1, the court cannot say that the jury's verdict was against the clear weight of the evidence, nor can it conclude that the evidence entitled Fishburne to acquittal.  See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (finding that a jury verdict should be upheld when "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt").  Accordingly, the court rejects this ground for a new trial.

       Third, Fishburne argues that the court improperly responded to a request for supplemental instruction by the jury during its deliberations.  "[T]he necessity, extent and character of any supplemental instructions to the jury are matters within the sound discretion of the district court."  United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990).  A court's supplemental instruction is adequate so long as it "was reasonably responsive to the jury's question" and "the original and supplemental instructions as a

whole allowed the jury to understand the issue presented to it." United States v. Satterfield, 254 F. App'x 947, 951–52 (4th Cir. 2007). During deliberations in Fishburne's trial, the jury submitted the following question to the court: "Is it illegal for a convicted felon to be in a car with another individual who is legally carrying a firearm?" After considering arguments from the parties, the court responded, "Not necessarily, it depends on the circumstances." Fishburne argues that the court erred in refusing to respond with a simple "no" and that the court's response prejudiced Fishburne.

The court's response to the jury's question was rooted in a correct interpretation of the law. In its closing instructions to the jury, the court explained the concept of "joint possession," instructing that more than one person may possess an object if each person knowingly has the ability and intention to exercise control over the object. Indeed, the court's instruction reflects the law of this circuit. See Teal v. Angelone, 54 F. App'x 776, 780 (4th Cir. 2003) (accepting a similar instruction for "joint possession"). Therefore, a response of "no" to the jury's question would have improperly eliminated the possibility that a convicted felon and a legal gun owner could be in joint possession of a firearm, which would be a violation of the law. As such, the court's supplemental instruction, which accounted for the possibility of joint possession, reflected the correct law and was not in error. The court thus rejects the third ground of Fishburne's motion.

Fourth, Fishburne argues that the court erred in failing to acquit him with respect to Count 2, which charges Fishburne with participating in a conspiracy to transport firearms to persons who have previously been convicted of felonies. Fishburne contends that the government failed to show that Fishburne "was aware of or participated in" the conspiracy to obtain firearms for distribution to felons. ECF No. 162 at 5. To be

convicted of conspiracy, a "[c]onspirator[ ] need not know 'all of the details of the conspiracy,' provided that [he] know[s] its 'essential object.'" United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011), as corrected (Dec. 20, 2011) (quoting United States v. Goldman, 750 F.2d 1221, 1227 (4th Cir. 1984)).  Courts have recognized that "[b]y its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996).  Accordingly, the law is clear that "[c]ircumstantial evidence alone is sufficient to support a conviction for conspiracy." United States v. Gomez-Jimenez, 750 F.3d 370, 378 (4th Cir. 2014), as corrected (Apr. 29, 2014).

      Here, the government presented circumstantial evidence of Fishburne's participation in the charged conspiracy, from which the jury had a reasonable basis to convict.  As the government notes in its response, the government presented evidence that "Ellison purchased three different guns over a seven[-]year period and that every single one of them ended up being recovered from or traced to the scene of crimes committed by men with whom she was romantically involved, including two guns linked to three different crime scenes involving [ ] Fishburne." ECF No. 170 at 6.  The government also presented evidence Ellison came forward to claim from the police a firearm that the police previously recovered in Fishburne's possession.  Moreover, as the court discussed above, the government presented evidence that Ellison attempted to recant her statements of Fishburne's innocence when an investigative agent presented her with evidence of the conspiracy.  The court finds that a reasonable jury could conclude that Fishburne participated in the charged conspiracy based on the circumstantial

evidence presented. Therefore, the court rejects Fishburne's argument and denies the motion for a new trial.

## IV.  CONCLUSION

For the foregoing reasons the court **DENIES** the motion for a new trial.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 19, 2020
Charleston, South Carolina**